ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| RODOLFO CRUZ CASTREJÓN<br><br>Apelante<br><br>v.<br><br>TWIN INVESTMENT, LLC Y OTROS<br><br>Apelados | KLAN202500253 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV01488<br><br>Sobre: Desestimación |
|---|---|---|

Panel integrado por su presidente, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de julio de 2025.

Comparece el Sr. Rodolfo Cruz Castrejón (señor Cruz Castrejón o parte apelante) y nos solicita que revoquemos la *Sentencia Parcial* emitida el 10 de octubre de 2024 y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] En el aludido pronunciamiento judicial, el TPI declaró *Ha Lugar* la *Moción de desestimación y/o sentencia sumaria* presentada por Blue Waters Realty, LLC. (BWR o parte apelada). En consecuencia, desestimó el caso contra BWR por no haber una causa de acción que justificara la concesión de un remedio.

**I.**

El presente caso se inició el 2 de marzo de 2022, ocasión en que el señor Cruz Castrejón instó una *Demanda* sobre incumplimiento de contrato y nulidad en el contrato de adhesión en contra de Twin Investments, LLC. (Twin Investments), Sunnova Energy Corporation (Sunnova), BWR y otros demandados de nombres desconocidos.[2] En esencia, el señor Cruz Castrejón indicó que, el 11 de mayo de 2016,

_____

[1] Apéndice, págs. 70-82.
[2] Apéndice, págs. 277-282.

Número Identificador

SEN2025_____

contrató servicios con Sunnova, compañía proveedora de energía neta, y colocó placas solares en un inmueble de su propiedad, sito en San Juan.[3] Más adelante, el 25 de septiembre de 2020, el apelante vendió el referido inmueble a Twin Investments. Alegó que pactó un acuerdo verbal para que las cuentas de los servicios de la Autoridad de Acueductos y Alcantarillados (AAA), la Autoridad de Energía Eléctrica (AEE) y Sunnova fueran transferidas al nuevo comprador, puesto que la intención de Twin Investments era revender la propiedad. En efecto, posteriormente, Twin Investments vendió el inmueble a BWR, aunque el apelante sostuvo que la transacción no le fue notificada.

El señor Cruz Castrejón señaló que, dado el desinterés de BWR en transferir las cuentas de la AAA y la AEE, tuvo que cerrarlas; mas no la de Sunnova, ya que esta última sólo era transferible. Al respecto, razonó que, al BWR continuar pagando el servicio de Sunnova, se subrogó en la posición de Twin Investments.

Así las cosas, el señor Cruz Castrejón alegó que BWR le comunicó que al nuevo comprador no le interesaban los paneles solares instalados en el inmueble. Por consiguiente, le solicitaron su remoción. El señor Cruz Castrejón sostuvo que con ello las partes incumplieron su obligación de transferir la cuenta de Sunnova al nuevo comprador de la casa. En consecuencia, reclamó una indemnización de $25,000.00 por concepto del alegado incumplimiento contractual, los daños y perjuicios sufridos.

El 31 de mayo de 2022, BWR presentó una *Moción de desestimación y/o sentencia sumaria.*[4] En síntesis, alegó que no existía ningún vínculo contractual con el señor Cruz Castrejón. Rechazó la posibilidad de que se hubiese creado una relación contractual entre éstos por el mero hecho de que reembolsó unos

---

[3] Apéndice, págs. 18-31.
[4] Apéndice, págs. 211-214.

pagos al apelante. Por lo tanto, solicitó al foro de primera instancia que desestimara la *Demanda* en su contra, ya que dejaba de exponer una reclamación que justificara la concesión de algún remedio.

En respuesta, el 2 de septiembre de 2022, el señor Cruz Castrejón instó una *Moción en oposición a solicitud de desestimación y/o sentencia sumaria*.[5] Argumentó que no procedía la solicitud dispositiva, toda vez que BWR no negó haber tenido participación directa en la venta de la propiedad de referencia, ni contradijo que dicha venta estuviera sujeta al traspaso de la cuenta de Sunnova. Indicó que, de no haber tenido participación en la venta, BWR no habría pagado las mensualidades correspondientes a Sunnova. Por lo cual, coligió que correspondía la celebración de una vista en los méritos para dirimir las controversias habidas en torno al negocio jurídico realizado y en cuanto a la intención de BWR al realizar los pagos que originalmente le correspondían a Twin Investments.

El 13 de octubre de 2022, BWR sometió una *Réplica a moción en oposición a moción de desestimación y/o sentencia sumaria*.[6] Sostuvo que, contrario a lo planteado por el señor Cruz Castrejón, BWR no se subrogó en la posición de Twin Investments.

Luego de varios trámites procesales, el 10 de octubre de 2024,[7] el TPI emitió una *Sentencia Parcial* en la cual desestimó el caso en contra de BWR por no haber una causa de acción que justificara la concesión de un remedio.[8] Ello, pues, estimó que no existía una relación contractual entre BWR y el señor Cruz Castrejón.

En desacuerdo, el 28 de octubre de 2024, el señor Cruz Castrejón interpuso una *Solicitud de reconsideración de la sentencia parcial a la entrada sumac #51*.[9] Evaluada la petición, el 22 de enero

---

[5] Apéndice, págs. 154-158.
[6] Apéndice, págs. 150-152.
[7] Notificada el 11 de octubre de 2024.
[8] Apéndice, págs. 70-82.
[9] Apéndice, págs. 34-43.

de 2025, notificada correctamente el 24 de febrero de 2025,[10] el TPI emitió una *Resolución* en la cual declaró *No Ha Lugar* la solicitud de reconsideración presentada por el señor Cruz Castrejón.[11] Inconforme todavía, el señor Cruz Castrejón incoó oportunamente el *Recurso de apelación* del título y expuso los siguientes errores:

> **PRIMER ERROR:** ERRÓ Y ABUSÓ DE SU DISCRECIÓN Y ACTUÓ CONTRARIO A DERECHO EL TPI AL DESESTIMAR EL CASO EN CONTRA DE BLUE WATERS Y AL AMPARO DE LA REGLA 10.2 DE PROCEDIMIENTO CIVIL POR CUANTO AL DAR POR CIERTO LOS HECHOS DE LA DEMANDA, ESTOS LEVANTAN CUESTIONES QUE JUSTIFICAN, DE PROBARSE, LA CONCESIÓN DE UN REMEDIO A FAVOR DEL APELANTE.

> **SEGUNDO ERROR:** ERRÓ Y ABUSÓ DE SU DISCRECIÓN Y ACTUÓ CONTRARIO A DERECHO EL TPI AL DESESTIMAR EL CASO EN CONTRA DE BLUE WATERS PRIVANDO AL APELADO DE SU DÍA EN CORTE Y SU DERECHO A UN DEBIDO PROCESO DE LEY A DESFILAR PRUEBA EN APOYO A SU RECLAMACIÓN Y PLANTEAMIENTOS, EXISTIENDO CONTROVERSIAS QUE COMPETE AL TPI ATENDER.

Luego de varios trámites interlocutorios ante este foro intermedio,[12] el 23 de mayo de 2025, notificada el día 29 siguiente, emitimos una *Resolución* y concedimos un término adicional de quince (15) días a BWR para que presentara su alegato. Transcurrido el plazo en exceso, damos por perfeccionado el presente caso y procedemos a resolver.

## II.

### A.

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin celebrar un juicio en su fondo o en los méritos. S.*L.G. Sierra v. Rodríguez*, 163 DPR 738, 745 (2005). De este modo, la Regla 10.2 de Procedimiento

---

[10] Véase, entrada 62 del expediente SJ2022CV01488 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[11] Apéndice, pág. 2.

[12] Inicialmente, consolidamos el recurso con el caso KLAN202500252. En esa ocasión, el 31 de marzo de 2025, instamos a las partes apeladas a presentar sus respectivas posturas en el término reglamentario de treinta (30) días. BWR no compareció en esa oportunidad.

Civil, 32 LPRA Ap. V, permite que el demandado solicite la desestimación de la demanda, antes de presentar una contestación. Las razones para solicitar la desestimación son las siguientes: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia del diligenciamiento del emplazamiento, (5) dejar de exponer una reclamación que justifique la concesión de un remedio y (6) dejar de acumular una parte indispensable. *Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523, 533 (2024); *González Méndez v. Acción Soc.,* 196 DPR 213, 234 (2016).

El Tribunal Supremo de Puerto Rico ratificó en *Costas Elena y otros v. Magic Sport y otros, supra,* págs. 533-534, las normas que rigen la desestimación de una demanda basada en el inciso 5 de la Regla 10.2 de Procedimiento Civil, *supra.* Estas guías son las siguientes:

(1) La desestimación procede cuando, de las alegaciones de la demanda, surge que alguna de las defensas afirmativas derrotará la pretensión del demandante.

(2) Al evaluar una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* el tribunal tiene que tomar como ciertos todos los hechos bien alegados en la demanda, aseverados de manera clara y concluyente y que de su faz no dan margen a dudas.

(3) Los tribunales que atienden una moción basada en la Regla 10.2, *supra,* tienen que evaluar las alegaciones de la demanda conjuntamente, y de la forma más favorable para el demandante.

(4) Toda duda debe resolverse a favor del demandante.

(5) El demandado tiene que establecer con toda certeza que el demandante no tiene derecho a remedio alguno, bajo cualquiera estado de Derecho que se pudiera probar en apoyo a su reclamación. Véase, además, *Eagle Security v. Efron Dorado et al,* 211 DPR 70, 84 (2023).

En otras palabras, a los fines de disponer de una moción de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra,* es norma asentada que el tribunal está obligado a dar por ciertas y buenas todas las alegaciones fácticas de la demanda radicada y que

hayan sido aseveradas de manera clara. *Costas Elena y otros v. Magic Sport y otros, supra,* pág. 533; *Torres Torres v. Torres et al.,* 179 DPR 481, 501 (2010); *Perfect Cleaning v. Cardiovascular,* 172 DPR 139, 149 (2007); *Colón v. Lotería,* 167 DPR 625, 649 (2006). Luego de ello, determinará si, a base de esos hechos que tomó como ciertos, la demanda establece una reclamación plausible que justifique la reclamación de un remedio. *Costas Elena y otros v. Magic Sport y otros, supra,* pág. 534. De modo que, si al así hacerlo se establece con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de Derecho que pueda ser probado en apoyo a su reclamación, procederá la desestimación solicitada. *Id.*; *Rivera Sanfeliz et al. v. Jta. Dir. First Bank,* 193 DPR 38, 49 (2015); *Ortiz Matías et al. v. Mora Devevelopment,* 187 DPR 649, 654 (2013). No obstante, nuestro más alto foro ha resuelto que dicha medida procede solamente en casos extremos, pues conlleva la privación a un litigante de su día en corte. *Costas Elena y otros v. Magic Sport y otros, supra,* pág. 534; *Rosario v. Nationwide Mutual,* 158 DPR 775, 780 (2003).

**III.**

En la presente causa, la parte apelante impugna la *Sentencia Parcial* emitida por el TPI, mediante la cual ordenó la desestimación de la *Demanda* al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra.* Ello al determinar que no se estableció el más mínimo vínculo obligacional entre BWR y el señor Cruz Castrejón.

En resumen, la parte apelante alega que el TPI erró al desestimar su causa de acción, al aducir que los hechos de la *Demanda* no justifican la concesión del remedio solicitado. Además, argumenta que incidió el TPI al privarle de su día en corte, así como de su derecho a un debido proceso de ley. Sostiene que, al haber controversias de hechos, correspondía al TPI ordenar el descubrimiento de prueba.

Conforme lo esbozado, una moción al amparo de la Regla 10.2 (5) de Procedimiento Civil, *supra,* requiere que el tribunal tome por ciertos todos los hechos de la reclamación, de la manera más favorable al demandante, y evalúe si existe una alegación plausible que justifique la concesión de un remedio. Únicamente procederá la desestimación de la demanda si resulta afirmativamente que la parte demandante no tiene derecho a remedio alguno.

En el caso del epígrafe, el señor Cruz Castrejón alegó que BWR se subrogó en la posición de Twin Investments al continuar pagando el servicio de placas solares provisto por Sunnova. Asimismo, señaló que ninguna de las partes cumplió con el acuerdo, que en su día sujetó la compraventa, de transferir la cuenta de Sunnova al nuevo comprador. En virtud de lo anterior, solicitó que se le indemnizara por el incumplimiento del acuerdo verbal pactado, así como por los daños y perjuicios sufridos. No obstante, BWR negó tener vínculo contractual alguno con el señor Cruz Castrejón, de modo que, solicitó la desestimación de la *Demanda* por no justificarse la concesión de un remedio.

Ciertamente, al interpretar conjuntamente, de forma liberal y de la manera más favorable posible para la parte demandante, así como tomar por ciertos todos los hechos bien alegados en la *Demanda,* conforme lo mandata el ordenamiento procesal y su jurisprudencia interpretativa, colegimos que el TPI incidió al dictar *Sentencia Parcial* al amparo de la Regla 10.2 de Procedimiento Civil, *supra.* Somos del criterio que el señor Cruz Castrejón estableció tener una causa de acción factible que, de probarse en un juicio en su fondo mediante evidencia pertinente y admisible, podría ameritar la concesión de un remedio. Nótese que permean en controversia cuestiones de intención por parte de BWR de si, en realidad, el apelado aceptó la condición de transferir la cuenta de Sunnova a un nuevo comprador y, en efecto, se subrogó o no en la posición de Twin

Investments al continuar reembolsando los pagos al apelante. Además, aun cuando Twin Investments y el apelado se encuentran en la misma posición de codemandados, no necesariamente comparten las mismas defensas ante el señor Cruz Castrejón. Así pues, al considerar la etapa del caso, procede que la parte apelada conteste la *Demanda* y se inicie el descubrimiento de prueba. De esta forma, se garantizaría al apelante la oportunidad de ventilar su caso en los méritos.

**IV.**

Por los fundamentos que anteceden, revocamos la *Sentencia Parcial* impugnada y devolvemos la causa de acción ante el Tribunal de Primera Instancia, Sala Superior de San Juan, para la continuación de los procedimientos, de conformidad con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones